OPINION
Plaintiff-appellant James Switzer appeals from an order of the trial court establishing his obligation with respect to medical expenses incurred for the treatment of his minor child, James Jeffrey Switzer. Switzer contends that the trial court erred when it failed to consider his allegation that the injuries to the child were the result of negligence on the part of defendant-appellee Debra Hyatt. Switzer further contends that the trial court erred in determining that he was required to provide medical insurance coverage for the child. Switzer further contends that the trial court erred when it found that Hyatt had obtained a loan, through her father, for the payment of medical bills incurred on behalf of the child. Switzer further contends that the trial court erred when it determined the amount of interest incurred on this loan. Finally, Switzer contends that the trial court erred when it calculated the amount of his obligation with respect to the medical expenses incurred for the treatment of his child.
We conclude that the trial court was not required to consider Switzer's allegation, which was not the subject of any pleading by him, that the injuries to the child were result of Hyatt's negligence, in determining Switzer's obligations pursuant to an existing judgment and decree of divorce. We further conclude that the trial court did not err in construing Switzer's obligation, pursuant to that judgment and decree of divorce, to provide medical insurance coverage for the child. We further conclude that there is evidence in the record from which the trial court could find that Hyatt borrowed money, through her father, to pay the child's medical bills. We further conclude that there is evidence in the record to support the trial court's calculation of the interest incurred on that debt. Finally, we conclude that there is evidence in the record to support the trial court's calculation of Switzer's obligation with respect to reimbursement of the child's medical expenses.
Accordingly, the judgment of the trial court is Affirmed.
 I
The parties were divorced in 1988. They have one child, James Jeffrey Switzer, born February 5, 1984. Pursuant to the judgment and decree of divorce, Hyatt was awarded custody of the child, and Switzer was ordered to pay child support. One provision of the judgment and decree of divorce is as follows:
 IT IS FURTHER ORDERED and it is the JUDGMENT of this Court that the plaintiff shall provide hospitalization and medical insurance for the minor child of the parties and agrees to carry said insurance so long as his obligation to pay child support continues.
In 1996, as part of an agreed order, the following provision was made for insurance coverage:
 IT IS FURTHER ORDERED that Obligor and Obligee shall provide group health insurance coverage, if available at a reasonable cost, for his dependent children pursuant to Dependent Health Care Order filed herewith, and Obligor and Obligee shall take notice of the Standard Order of Health Care Needs for Dependent Children attached hereto and incorporated herein by reference. . . . OBLIGEE shall be responsible for the first $100 incurred per child per calendar year of uninsured medical, dental, and optical expenses.
 Costs of their remaining medical, dental, optical, and all psychological expenses, shall be shared by obligor
and obligee in amounts equal to their percentage of total income found on line 16 of the Child Support Computation Worksheet.
It appears that the referenced child support worksheet established that Switzer had 65% of the total income of the parents, while Hyatt had 35%.
In September, 1995, the child was injured while riding a recreational vehicle, and required medical treatment. Hyatt filed a motion in contempt, alleging that Switzer had declined to meet his obligations with respect to the child's medical expenses. Following a hearing, a magistrate entered a decision declining to hold Switzer in contempt, but ordering him to reimburse Hyatt certain amounts, representing his share of the medical expenses of the child, and the interest accrued on funds Hyatt borrowed to pay those medical expenses.
Switzer filed objections to the magistrate's decision. The trial court considered those objections, found some to be well-taken, and others not to be well-taken, and entered its decision and judgment on May 20, 1999. As part of that judgment, the trial court required Switzer to pay Hyatt $5,500 as his share of the child's uninsured medical expenses. The trial court also ordered Switzer to pay Hyatt the sum of $1,029.28, being the interest accrued on funds borrowed to pay the child's medical bills.
From the trial court's judgment of May 20, 1999, Switzer appeals.
 II
Switzer's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT RESPONSIBLE FOR MEDICAL COSTS ASSOCIATED WITH AN INJURY TO THE CHILD THAT OCCURRED DUE TO THE NEGLIGENCE OF THE APPELLEE.
Switzer appears to be attempting to interpose his claim that Hyatt's negligence caused the injuries to their child, as a defense to his obligation, pursuant to the judgment and decree of divorce, to provide medical insurance and to pay a certain portion of the child's uninsured medical expenses. Switzer cites no authority for this proposition, and we are aware of none. If the child were to sue Hyatt for negligence, it is possible that Switzer might have a derivative claim, but, even if it were possible for him to assert this claim directly in the divorce action, we have found no pleading in which he has purported to do so.
We find no merit to this assignment of error, and it is overruled.
 III
Switzer's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT WAS REQUIRED TO PROVIDE HEALTH INSURANCE FOR THE CHILD DESPITE THE FACT THAT THE FINAL DECREE OF DIVORCE STATED THAT PLAINTIFF SHALL PROVIDE INSURANCE COVERAGE SO LONG AS IT IS PROVIDED BY HIS EMPLOYER.
In this assignment of error, Switzer contends that the trial court erred in its construction of his obligation to provide medical insurance for the benefit of the child. He contends that his obligation was conditioned upon medical insurance being provided by his employer, free of charge. Switzer has not directed us to any textual support for this proposition, and we have found none. In the original judgment and decree of divorce, Switzer's obligation to provide medical insurance for the child was unconditional. In the 1995 health care order alluded to in Part I, above, that obligation was subject to the condition: "if available at reasonable cost." At the hearing, Switzer acknowledged that medical insurance coverage for his child was available at an expense, to him, of $78.00 per month. In our view, this was a reasonable cost, and the trial court did not err in determining that Switzer was obliged to provide this coverage for his child.
Switzer's Second Assignment of Error is overruled.
 IV
Switzer's Third Assignment of Error of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLEE TO HAVE OBTAINED A LOAN FOR THE PURPOSE OF PAYING THE MEDICAL BILLS.
At the hearing, Hyatt testified that she borrowed money to pay the child's medical bills. She testified that she was not creditworthy, but that her father took out a bank loan, the proceeds of which were used to pay the child's medical expenses.
Based upon our review of the evidence in the record, we conclude that there is ample support for the trial court's finding that Hyatt obtained a loan for the purpose of paying the child's medical expenses.
Switzer's Third Assignment of Error is overruled.
 V
Switzer's Fourth Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT ASSIGNED $1,029.28 TO BE PAID BY THE APPELLANT TO APPELLEE FOR INTEREST ON A LOAN ACQUIRED BY HER FATHER.
In this assignment of error, Switzer contends that the trial court erred by finding that the amount of the interest accrued on the loan referred to in Part IV, above, was $1,029.28.
Hyatt testified that the amount borrowed to pay medical bills was $6,800.00. She testified that the total repayment amount, including interest and principal, was $7,829.28. Thus, the difference between these two figures, $1,029.28, is evidently the interest accruing on the loan.
Switzer's Fourth Assignment of Error is overruled.
 VI
Switzer's Fifth Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT ASSIGNED $5,500 TO BE PAID THE APPELLANT TO APPELLEE FOR MEDICAL BILLS INCURRED BY JAMES JEFFREY IN AN ACCIDENT WHILE RIDING A FOUR WHEELER UNSUPERVISED.
In this assignment of error, Switzer contends that the trial court erred in its calculation of the net amount that he was obligated to pay as his share of the child's uninsured medical expenses.
We have reviewed the trial court's calculation of this amount, and although we find a slight error in the calculation, that error is in Switzer's favor.
The total amount of the medical expenses for the trial was $10,909.54, consisting of expenses of plastic surgery in the amount of $1800.00, and other expenses in the amount of $9,109.54. The trial court determined that Switzer was obligated to pay 65% of this amount, or $7,091.20, because that is the amount that would have been covered by insurance, had Switzer complied with the order to provide insurance coverage for the child.
That leaves a balance of $3,818.34 that would have been uninsured, had Switzer complied with the order to provide insurance coverage. Hyatt was required to pay the first $100 of this expense, leaving a balance of $3,718.34 of uninsured medical coverage. The trial court determined that Switzer's share of this amount was 65%, being his proportion of the income of the parents according to the most recent child support guidelines worksheet of the parties. Sixty-five percent of $3,718.34 is $2,416.92. However, the trial court calculated this portion of Switzer's obligation to be $2,381.92. Although this appears to us to have been under-calculated by $35.00, that under-calculation is to Switzer's advantage.
When the two components of Switzer's obligation are added together, they come to $9,473.12. The trial court determined that Switzer had already paid $3,972.93 of this amount, leaving a balance, to the nearest dollar, of $5,500.
Because the only error in this calculation that we have been able to find was to Switzer's advantage, we conclude that his Fifth Assignment of Error is without merit, and it is hereby overruled.
 VII
All of Switzer's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
James R. Kirkland
Ted M. Ensley
Hon. V. Michael Brigner